*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TYRONE JONES,

UNPUBLISHED
March 11, 2025
2:06 PM

Plaintiff-Appellant,

v

No. 369203
Wayne Circuit Court
LC No. 22-007253-NO

(NO FIRST NAME) JAMAN,

Defendant-Appellee.

Before: MURRAY, P.J., and K. F. KELLY and D. H. SAWYER*, JJ.

PER CURIAM.

In this premises liability action, plaintiff appeals as of right the trial court's order granting defendant's motion for summary disposition under MCR 2.116(C)(10). We reverse and remand for further proceedings.

Plaintiff was working as a door-to-door salesman for ADT Safe Haven, and defendant had no notice that plaintiff was coming to his house.[1] Plaintiff went to defendant's house when it was still light out, and the ground was not wet or icy. After plaintiff left a flyer on defendant's door, he proceeded down the front steps when his leg buckled on the second to last step. Although he tried to brace himself, because there was no handrail, plaintiff fell.

Plaintiff argues that the trial court erred in granting defendant summary disposition because, contrary to what the trial court ruled, he was not a trespasser on defendant's property.

A trial court's decision on a motion for summary disposition is reviewed de novo. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). A motion under MCR 2.116(C)(10) examines the factual sufficiency of a claim. *Id*. at 160. The trial court "must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *Id*. The motion may only be granted if there is no genuine issue of material fact. *Id*.

---

[1] Defendant had recently purchased the home, but was not living in it at the time.

---

*Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

There is a genuine issue of material fact when "the record leaves open an issue upon which reasonable minds might differ." *Id.* (quotation marks and citation omitted).

A case arises under premises liability when a plaintiff is injured by an allegedly dangerous condition of the property. *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 692; 822 NW2d 254 (2012), overruled in part on other grounds by *Kandil-Elsayed v F & E Oil, Inc*, 512 Mich 95; 1 NW3d 44 (2023). "All negligence actions, including those based on premises liability, require a plaintiff to prove four essential elements: duty, breach, causation, and harm." *Kandil-Elsayed*, 512 Mich at 110. The duty owed by a landowner depends on if the person entering their land is a trespasser, a licensee, or an invitee. *Id.* at 111.

A trespasser enters a landowner's premises without their consent, *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596; 614 NW2d 88 (2000), while a licensee has the landowner's consent to enter the premises, *Pippin v Atallah*, 245 Mich App 136, 142; 626 NW2d 911 (2001).[2] Consent may be implied or express. *Id.* Consent to enter a property may be implied when the owner "acquiesces in the known, customary use of property by the public." *Id.* (quotation marks and citation omitted) (holding that the plaintiff had implied permission to cut through a private lot because there was a maintained pathway with an official sign). Typically, a licensee is a social guest. *Stitt*, 462 Mich at 596. In general, however, there is "an implied license to approach a house and knock on the front door," which allows "solicitors, hawkers and peddlers of all kinds" to approach the front door. *Kelsey v Lint*, 322 Mich App 364, 372-373; 912 NW2d 862 (2017) (quotation marks and citation omitted).

The trial court erred in finding that plaintiff was a trespasser. There was no factual dispute that plaintiff only approached defendant's door to leave a flyer, and the front porch area of a single-family home is customarily used by the public. *Stitt*, 462 Mich at 596; *Kelsey*, 322 Mich App at 372-373; *Pippin*, 245 Mich App at 142. Plaintiff did not exceed the generally implied license granted to the public, and thus, there is no factual dispute regarding whether he was a licensee. *Kelsey*, 322 Mich App at 373. There was also no evidence of any "no trespassing" or "no solicitors" signs that could have potentially revoked defendant's implied consent. *Id.* at 374 (holding that a homeowner had acquiesced to the public approaching her home and knocking because there was no fence that prevented entry and no signs prohibiting entry). While plaintiff admitted that defendant did not know plaintiff was coming to his house, defendant's prior knowledge is not required for the implied license to approach a house and knock on the door. *Id.* at 372-373.

As plaintiff was a licensee, the question then becomes what duties were owed to him and whether those duties were breached. *Kandil-Elsayed*, 512 Mich at 110. These issues were not addressed in the trial court since defendant was granted summary disposition after the court concluded plaintiff was a trespasser. These issues are best resolved initially in the trial court.

---

[2] An invitee is one who enters a landowner's premises upon an invitation, typically for business purposes. *Kandil-Elsayed*, 512 Mich at 111. No one has suggested that plaintiff was an invitee.

Reversed and remanded for further proceedings.  We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Kirsten Frank Kelly
/s/ David H. Sawyer